**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PEDRO FELIX-MARQUEZ, | No. 21-70371 |
| Petitioner, | Agency No. A076-665-166 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted April 30, 2026**

Before: RAWLINSON, MENDOZA, and DESAI, Circuit Judges.

Pedro Felix-Marquez (Felix-Marquez), a native and citizen of Mexico,

petitions for review of a decision from an Immigration Judge (IJ) affirming the

negative reasonable fear determination of the Department of Homeland Security

(DHS). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review.

Reviewing the asylum officer's negative reasonable fear determination, the IJ found that Felix-Marquez failed to "establish[] a reasonable possibility that he would be persecuted on the basis of a protected ground or a reasonable possibility that he would be tortured in the country of removal." The IJ also "concur[red] with the DHS reasonable fear determination because [Felix-Marquez] . . . failed to establish a nexus to an enumerated ground, and there is no governmental nexus to allege persecution or torture."

"We review an IJ's determination that [a noncitizen] did not establish a reasonable fear of persecution or torture for substantial evidence, which means that we must uphold the IJ's conclusion unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (citation, alterations, and internal quotation marks omitted). "To establish a reasonable fear, [Felix-Marquez] had to show that he faces at least a ten percent chance of being persecuted or tortured if he is returned to [Mexico]. . . ." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195-96 (9th Cir. 2021) (citation omitted).

1. Substantial evidence supports the IJ's conclusion that Felix-Marquez did not establish a reasonable fear of persecution. *See Santana-Gonzalez v. Bondi*, 172 F.4th 736, 743 (9th Cir. 2026). Specifically, the IJ found that Felix-Marquez

failed to demonstrate a nexus between a protected ground and any harm. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), *as amended* ("For withholding of removal, an applicant must show only that a protected ground is a reason for future persecution.") (citation and internal quotation marks omitted). Felix-Marquez agreed with the asylum officer's summary of his testimony that he did "not know why [the police officers] targeted [him]." Additionally, when Felix-Marquez was asked by the asylum officer if there was "anything unique or different about [him] that someone in Mexico may want to harm [him] for," he responded, "No." Further, substantial evidence supports the determination that the 2008 extortion by a police officer is insufficient to establish a reasonable fear of persecution, because Felix-Marquez failed to establish nexus to a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1021 (9th Cir. 2023) (observing that it must be demonstrated "that a protected characteristic motivated the petitioner's persecutor" to establish nexus based on extortion) (citation and internal quotation marks omitted).

**2.** Substantial evidence also supports the IJ's conclusion that Felix-Marquez failed to establish a reasonable possibility of torture. Although Felix-Marquez asserts that "cartel violence in Mexico is out of control and that he fears returning because of it," he has not adequately demonstrated that any torture by the cartel "would be inflicted by or at the instigation of or with the consent or

acquiescence of a public official or other person acting in an official capacity."
*Hermosillo v. Garland*, 80 F.4th 1127, 1129 (9th Cir. 2023) (citation and internal quotation marks omitted); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), *as amended* (recognizing that "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence") (citation omitted).

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. #1) is otherwise denied. The motion to supplement the record (Dkt. #31) is denied.